UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: CR07-276-JLR |
| v. ) | |
| ) | |
| ALICIA NIELSEN, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses Charged:

    Pharmacy Robbery in violation of 18 U.S.C.§ 2118(a) and 2.

Date of Detention Hearing:   December 13, 2007

    On August 10, 2007, the defendant made her initial appearance. On August 15, 2007, a detention hearing was held before United States Magistrate Judge Mary Alice Theiler after which, defendant was released on an appearance bond that included restrictions that she not use, consume, or possess a controlled substance, unless the substance was prescribed to her by a physician. On October 11, 2007, the defendant pleaded guilty to Count 1, Pharmacy Robbery in violation of 18 U.S.C. § 2118(a) and 2.  A previous hearing on pretrial release violations took place on November 2, 2007 (Dkt. No. 55).

    On December 12, 2007, Pretrial Services filed a Petition for Warrant for Defendant Under Pretrial Services Supervision, alleging that the defendant had violated the terms and conditions

of her bond as follows:

1. Alicia Nielsen has violated the bond condition that she not use, consume, or possess a controlled substance, unless the substance is prescribed by a physician, by using opiates, cocaine, and marijuana on or about December 4, 2007.

2. Alicia Nielsen violated the bond condition that she not use, consume, or possess a controlled substance, unless the substance is prescribed by a physician, by using opiates and cocaine on December 9, 2007.

3. Alicia Nielsen has violated the bond condition that she participate in substance abuse treatment as directed by Pretrial Services by failing to attend outpatient treatment at Alpine Recovery Services, Inc. on December 10, and December 11, 2007.

On December 13, 2007, the defendant appeared before the undersigned Magistrate Judge. She was advised of her rights in connection with the government's motion to revoke the bond. At the hearing, the defendant admitted violations 1, 2 and 3 and waived her right to an evidentiary hearing. Defendant then stipulated to detention.

After taking the admission of the defendant that she violated the pretrial bond as alleged in violations 1, 2 and 3, the Court then considered whether the bond at issue should be revoked. Pursuant to CrR 32.1, CrR46(c) and 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) On August 15, 2007, defendant was released on bond with pretrial supervision and special conditions.

(2) The defendant has failed to abide by the terms of her bond, and has admitted the same.

(3) The defendant has pleaded guilty to Count 1 in the Indictment.

(4) The third party custodian appointed by the Court has failed to comply with her

01  obligations.

02  (5)   The defendant has stipulated to detention.

03  (6)   There appear to be no conditions or combination of conditions other than detention
04  that will reasonably assure the defendant's appearance at future Court hearings as required, and
05  that will address the risk of the defendant's danger to the community.

06  IT IS THEREFORE ORDERED:

07  (1)   Defendant shall be detained pending trial and committed to the custody of the
08  Attorney General for confinement in a correction facility separate, to the extent
09  practicable, from persons awaiting or serving sentences or being held in custody
10  pending appeal;

11  (2)   Defendant shall be afforded reasonable opportunity for private consultation with
12  counsel;

13  (3)   On order of a court of the United States or on request of an attorney for the
14  government, the person in charge of the corrections facility in which defendant is
15  confined shall deliver the defendant to a United States Marshal for the purpose of
16  an appearance in connection with a court proceeding; and

17  (4)   The Clerk shall direct copies of this Order to counsel for the United States, to
18  counsel for the defendant, to the United States Marshal, and to the United States
19  Pretrial Services Officer.

20  DATED this 14th day of December, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge